1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL POWELL, TOMERY                    No.  2:16-cv-01197 TLN GGH
     DARLING, LIVVY POWELL, LANA
12   POWELL, and BRITTNEY TEMPLE,

13                   Plaintiffs,               ORDER

14            v.

15   DEPARTMENT OF CHILD SUPPORT
     SERVICES, SUPERIOR COURT
16   CALIFORNIA PLACER COUNTY DIRK
     AMARA, MICHAEL JACQUES,
17   SUSANNE GAZZANIGA, GENE GINI,
     ALAN PINESCHI, and SANDRA
18   McLEAN,

19                   Defendants.

20

21          Plaintiff Michael Powell, proceeding in this action pro se, has requested leave to proceed

22   in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1]

23          Plaintiff's declaration in support of his application to proceed in forma pauperis states that

24   he has three dependents and that he is receiving wages or salary from the United States Postal

25   Service of $1,185.00 per pay period, but it does not indicate whether that means this is his

26   monthly income, bi-monthly income, or paid in some other interval.  Thus, at this point plaintiff

27   ─────────────────────

28   [1]  This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                    1

1   has made an inadequate showing of indigency.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th

2   Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

3        Plaintiff will be provided the opportunity to submit either the appropriate affidavit in

4   support of a request to proceed in forma pauperis clarifying his income statement or the

5   appropriate filing fee.

6        Even had plaintiff been eligible to proceed in forma pauperis, this court would not permit

7   the action to proceed upon the filed complaint.

8        The determination that plaintiff may proceed in forma pauperis does not complete the

9   required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

10   any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

11   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

12   an immune defendant.

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19   Cir. 1989); Franklin, 745 F.2d at 1227.

20        A complaint must contain more than a "formulaic recitation of the elements of a cause of

21   action;" it must contain factual allegations sufficient to "raise a right to relief above the

22   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

23   "The pleading must contain something more...than...a statement of facts that merely creates a

24   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

25   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

26   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

27   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

28   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

1    the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2    Id.

3          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

4    S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

5    Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

6    proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

7    See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

8          The complaint in this case purports to allege a procedural due process claim emanating

9    from proceedings in a state court.  Plaintiff names a number of judges and two Commissioners

10   who made rulings in a family law matter pending in Placer County Superior Court and attorneys

11   who participated in the proceedings.  Judges and Commissioners, as judicial officers, cannot be

12   sued in federal courts as they hold absolute immunity as are prosecutors (absolutely immune for

13   prosecutorial actions).  Stump v. Sparkman, 435 U.S. 349, 360 (1978); Butz v. Economou, 438

14   U.S. 478, 511, 512 (1978); Romano v. Bible, 169 F.3d 1182, 1185-1186 (9th Cir. 1999).  If

15   plaintiff chooses to amend the complaint, he must also recognize that federal courts lack

16   jurisdiction to review the determinations of state courts which is exactly what he appears to seek.

17   McCarty v. Grguric, 2006 WL 1328264 at *3-4 (E.D.Cal. 2006).  Further, this court would be

18   required to abstain from interfering with any ongoing state court proceeding in a matter

19   traditionally within the domain of state courts as are issues of family law.  Todd v. Ellis, 2012

20   WL 2116950 at *3 (E.D.Cal. 2012), citing Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987).

21   Plaintiffs procedural due process claim can be settled through use of petitions for writ of mandate

22   or appeal of challenged state court decisions prosecuted through the state appellate system.  Id.

23          Further, plaintiff's complaint is fatally deficient for failing to meet the requirements of

24   Federal Rule of Civil Procedure 8.  That Rule requires that a complaint contain a "short and plain

25   statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court,

26   rather than in a state court), as well as a short and plain statement showing that plaintiff is entitled

27   to relief (that is, who harmed the plaintiff, and in what way).  Plaintiff's claims must be set forth

28   simply, concisely and directly.  The complaint must also provide an understandable listing of

1  defendants and how they relate to the claims plaintiff is making.  The Federal Rules of Civil

2  Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-

3  procedure/federalrules-civil-procedure.  Forms are also available to help pro se plaintiffs organize

4  their complaint in the proper way.  They are available online at www.uscourts.gov/forms/pro-se-

5  forms.  Plaintiff is advised *not* to attach any exhibits to his amended motion as evidentiary

6  materials are neither necessary nor helpful at this stage of the proceedings.

7        Finally, plaintiff is acting in pro se.  He may not, therefore, purport to represent any

8  plaintiff other than himself.  Johns v. County of San Diego, 114 F.3d 874, 876-877 (9th Cir.

9  1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  The other

10  listed plaintiffs must be represented by licensed counsel if they are to proceed at all.

11        Good cause appearing, IT IS ORDERED that:

12        1.  Plaintiff shall submit, within thirty (30) days from the date of this order, either a

13  completed and signed application and affidavit in support of his request to proceed in forma

14  pauperis on the form provided by the Clerk of Court that addresses the deficiency addressed

15  above, or the appropriate filing fee; plaintiff's failure to comply with this order will result in a

16  recommendation that this action be dismissed; and

17        2.  The complaint is dismissed for the reasons discussed above, with leave to file an

18  amended complaint within thirty days (30) from the date of service of this Order.  The amended

19  complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the

20  Local Rules of Practice; the amended complaint must bear the docket number assigned this case

21  and must be labeled "Amended Complaint;" failure to file an amended complaint will result in a

22  recommendation that this action be dismissed.

23        3.  The Clerk of the Court is directed to send plaintiff a new Application to Proceed In

24  Forma Pauperis.

25  Dated:  June 30, 2016

26                                    /s/ Gregory G. Hollows

27                                    UNITED STATES MAGISTRATE JUDGE

28

4