UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL POWELL, | No. 2:16-cv-1197 TLN GGH |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SUPERIOR COURT OF CLAIFORNIA, PLACER COUNTY, et al., | |
| Defendants. | |

PROCEDURAL BACKGROUND

Plaintiff, proceeding in this action pro se and in forma pauperis, has filed a first amended complaint ("FAC"), ECF No. 12, after his original pleading was dismissed as legally frivolous. ECF No. 3. The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint, or portion thereof, should only be dismissed for failure to state a

1

claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts that would satisfy the jurisdictional requirements of this court.

## DISCUSSION

Plaintiff's claims seem to arise out of contentions regarding custody of and visitation with his children.  He complains that the judicial officers who dealt with the dispute venued in the Placer County Superior Court were biased, ignored his several recusal demands, and refused to follow proper procedures for addressing those demands.  He attempts to meet the jurisdiction requirement by listing the following "Violation[s] of Civil Rights in the preamble to his Amended Complaint:  "Inequality to Parents/Bi-Racial Kids; Denial of Procedural Due Process; Dereliction of Duty and Office; Allowing Circus Atmosphere; Spoliation of Evidence; Intentional Negligence; Willful Misconduct; Loss of Jurisdiction, etc."  Each of these purported violations were inflicted by Superior Court Judicial Officers, both Superior Court Judges and Commissioners who were sitting in their official capacities during the course of the litigation in which plaintiff was a party.[1]

The tenets of judicial immunity were explained to plaintiff in this court's earlier order dismissing his original Complaint with leave to amend and that judicial officers could not be sued in federal courts.  See Stump v. Sparkman, 435 U.S. 349, 360 (1978); Butz v. Economou, 439 U.S.478, 511, 512 (1978); Romano v. Bible, 169 F.3d 1182, 1185, 1186 (9th Cir. 1999), and that this court could not review the determinations of state courts.  ECF 3 at 3:8-22.  His First Amended Complaint did not acknowledge this bar, but iterated it in a slightly different format than had the original Complaint.

Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  Judicial immunity is overcome only when a judges actions are either (1) nonjudicial in nature, i.e., not taken in the judge's judicial capacity,[2]  Forrester v. White, 484 U.S. 219, 227–29 (1988); or (2)

---

[1] He also lists the Department of Child Support Services, Placer Co., but fails to state any facts with regard to their purported culpability, along with Entities and Individual Respondents, Additional Parties to be named later.

[2] As stated earlier, all of the behaviors and actions complained of by Plaintiff occurred in the

2

1  taken in the complete absence of all jurisdiction, <u>Stump v. Sparkman</u>, 435 U.S. 349, 356–57
2  (1991). "Allegations of malice or bad faith in the execution of the officer's duties, such as are
3  alleged here, are insufficient to sustain the complaint when the officer possesses absolute judicial
4  immunity." <u>Demoran v. Witt</u>, 781 F.2d 155, 158 (9th Cir.1985).

5       Finally, plaintiff claims that these judicial officers did not follow the state court
6  procedures regarding challenges to their impartiality and behavior on the bench.  He cites no
7  authority, nor is this court aware of any, that allows a Federal District Court to oversee or control
8  the performance of State courts adherence to state law.

9  <center>CONCLUSION</center>

10       The court granted plaintiff leave to amend with instructions on how to amend his
11  complaint in compliance with Rule 8.  Nonetheless, the FAC still fails to allege facts sufficient to
12  state a claim against any defendants.  As plaintiff has had ample opportunity to correct the
13  deficiencies in his complaint, and he continues to make conclusory allegations which the court
14  previously advised plaintiff are insufficient, the court finds that any further attempt to amend
15  would be futile.  Even if plaintiff were able to conform his pleading to the requirements of Rule 8,
16  the claims are barred by judicial immunity.  That defect cannot be cured by amendment.  Any
17  relief to which Plaintiff may be entitled must be sought within the State Court system, not in a
18  federal court.

19  <center>CONCLUSION</center>

20       In accordance with the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's first
21  amended complaint be dismissed without leave to amend.

22       These findings and recommendations are submitted to the United States District Judge
23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
24  days after being served with these findings and recommendations, Plaintiff may file written
25  objections with the court.  Such a document should be captioned "Objections to Magistrate
26  Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections

---

28  courtroom while the defendant judicial officials were on the bench and acting in their judicial capacities.

1  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

2  <u>Ylst,</u> 951 F.2d 1153 (9th Cir.1991).

3  Dated: December 10, 2016

4  <div style="text-align:center">/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE</div>